(No. 60426.—

MARTON L. BARR *et al.*, Appellees, v. KELSO-BURNETT COMPANY *et al.*, Appellants.

*Opinion filed May 24, 1985.*

Charles R. McKirdy, of Pope, Ballard, Shepard & Fowle, Ltd., of Chicago, for appellants.

Ronald L. Carpel, of Ronald L. Carpel, Ltd., of Decatur, for appellees.

JUSTICE RYAN delivered the opinion of the court:

The issue involved in this appeal is whether the plaintiffs have stated a valid cause of action based on the tort of retaliatory discharge. The eight plaintiffs were formerly employed by the defendants as foremen at the construction of the Clinton nuclear power plant. Plaintiffs allege in their complaint that they were discharged in violation of certain constitutional and statutory rights. They allege that their discharge violated "an established public policy of the State of Illinois," presumably found in the statutory and constitutional rights allegedly violated. In particular, the complaint alleges that the discharge violated:

"a. Plaintiffs' right to Freedom of Speech as established by the First Amendment to the Constitution of the United States of America and by Section IV, Article I of the Constitution of the State of Illinois;

b. Plaintiffs' right not to be Deprived of Property, that is their right of employment with the Defendants as an at-will employee, without due process of law, as provided by the Fifth and Fourteenth Amendments to the Constitution of the United States of America, and Section III, Article I of the Constitution of the State of Illinois.

c. Plaintiffs' Right to Equal Protection of the laws, as provided by the Fourteenth Amendment to the Constitution of the United States of America and in Section II, Article I of the Constitution of the State of Illinois.

d. Plaintiff's right to privacy of his communications with others as provided by Section VI, Article I of the Constitution of the State of Illinois;

e. Plaintiffs' right to be free from either being enjoined or restrained from terminating the relation of employment or from ceasing to perform any work or labor, or from peaceably and without threats or intimidation, recommending, advising, or pursuading [sic] others so to do, or to peaceably and without threats or intimidation pursuade [sic] any person or persons to work or to obstain [sic] from working, or to employ or to peaceably and without threats or intimidation cease to employ any party to a labor dispute, or to recommend, advise or pursuade [sic] others so to do, all in violation of Illinois Revised Statutes, Chapter 48, Paragraph 2a."

The complaint further states that the plaintiffs were told that they were being discharged for "intimidation of fellow employees" and that "plaintiffs had, prior to said discharge by the defendants without threats or intimidation and peaceably, informed fellow employees of layoff procedures being utilized."

The trial court denied the defendants' motion to dismiss the complaint for failure to state a cause of action but certified the question for interlocutory appeal by permission pursuant to our Rule 308 (87 Ill. 2d R. 308). The appellate court denied the petition for interlocutory appeal, and we granted leave to appeal to this court. We now hold that the plaintiffs have failed to state a valid retaliatory-discharge cause of action.

A retaliatory-discharge cause of action was first recognized by this court in *Kelsay v. Motorola, Inc.* (1978), 74 Ill. 2d 172. In *Kelsay* the employee was discharged in retaliation for filing a workmen's compensation claim against her employer. In deciding *Kelsay* this court examined the history and purpose of the Workmen's Compensation Act (Ill. Rev. Stat. 1973, ch. 48, par. 138.1 *et seq.*) to determine the public policy behind its enactment.

(*Kelsay v. Motorola, Inc.* (1978), 74 Ill. 2d 172, 179-85.) This court then held that a cause of action based on the tort of retaliatory discharge was necessary to insure that the public policy behind the enactment of the Workmen's Compensation Act was not frustrated. *Kelsay v. Motorola, Inc.* (1978), 74 Ill. 2d 172, 182-85.

In *Palmateer v. International Harvester Co.* (1981), 85 Ill. 2d 124, this court again examined the tort of retaliatory discharge. The employee in *Palmateer* was discharged in retaliation for going to the police with information concerning possible criminal conduct by a co-employee and for agreeing to assist and cooperate with the police in their investigation of the allegations. In determining that a retaliatory-discharge cause of action was proper, the public policy behind the enactment and enforcement of the Criminal Code of 1961 (Ill. Rev. Stat. 1961, ch. 38, par. 1–1 *et seq.*) was examined, and the court noted that public policy necessarily favored the exposure of violations of the Code. (*Palmateer v. International Harvester Co.* (1981), 85 Ill. 2d 124, 132-33.) Thus, the court held that a retaliatory-discharge cause of action was necessary to insure that the public policy behind the enactment and enforcement of the Criminal Code would not be frustrated.

Contrary to plaintiffs' assertion, however, this court has not, by its *Palmateer* and *Kelsay* decisions, "rejected a narrow interpretation of the retaliatory discharge tort" and does not "strongly support" the expansion of the tort. The common law doctrine that an employer may discharge an employee-at-will for any reason or for no reason is still the law in Illinois, except for when the discharge violates a clearly mandated public policy. (*Palmateer v. International Harvester Co.* (1981), 85 Ill. 2d 124, 128-30.) In *Kelsay* the public policy of allowing injured workers to freely file workmen's compensation claims was clearly mandated by the legislative enactment

of the Workmen's Compensation Act as a comprehensive scheme for providing prompt and equitable compensation to injured workers. (*Kelsay v. Motorola, Inc.* (1978), 74 Ill. 2d 172, 180-82.) In *Palmateer* the public policy of allowing citizens to freely go to the police with information concerning possible criminal conduct was clearly mandated by the enactment of the Criminal Code of 1961 (Ill. Rev. Stat. 1961, ch. 38, par. 1—1 *et seq.*) and the need to enforce the Code in order to carry out the purpose behind its enactment. (*Palmateer v. International Harvester Co.* (1981), 85 Ill. 2d 124, 132-33.) In the present case the discharge of the plaintiffs did not violate any clear mandate of public policy.

It is well established that the constitutional guarantee of free speech is only a guarantee against abridgement by the government, Federal or State; the Constitution does not provide protection or redress against private individuals or corporations which seek to abridge the free expression of others. (*Hudgens v. NLRB* (1976), 424 U.S. 507, 513, 47 L. Ed. 2d 196, 202-03, 96 S. Ct. 1029, 1033; *Columbia Broadcasting System, Inc. v. Democratic National Committee* (1973), 412 U.S. 94, 36 L. Ed. 2d 772, 93 S. Ct. 2080.) It is also well established that the other constitutional provisions relied on by the plaintiffs are also limitations only on the power of government. (See *Shelley v. Kraemer* (1948), 334 U.S. 1, 13, 92 L. Ed. 1161, 1180, 68 S. Ct. 836, 842 (fourteenth amendment erects no shield against merely private conduct, however discriminatory or wrongful); *USA I Lehndorf Vermoegensverwaltung GmbH & Cie v. Cousins Club, Inc.* (1976), 64 Ill. 2d 11, 20-21 (due process and equal protection provisions of Illinois Constitution were intended to apply only to governmental actions); *People v. Smith* (1979), 72 Ill. App. 3d 956, 964 (provisions of Illinois Constitution, article I, section 6, creating a right of freedom from invasions of privacy applies only to in-

vasions of privacy by governmental or public officials).) Furthermore, section 1 of "An Act relating to disputes concerning terms and conditions of employment," also relied on by plaintiffs, relates to the issuance of injunctions in labor disputes. By its own terms, this section is a restraint only on the courts of this State; it has no application to restraining private individuals. Ill. Rev. Stat. 1983, ch. 48, par. 2(a).

Plaintiffs concede that the constitutional and statutory provisions cited in their complaint are limitations only on the power of government. They contend, however, that these provisions are indicators of public policy and thus a violation of these provisions by anyone is a violation of public policy. We disagree.

In *Palmateer* we stated that "[public policy] is to be found in the State's constitution and statutes and, when they are silent, in its judicial decisions." (*Palmateer v. International Harvester Co.* (1981), 85 Ill. 2d 124, 130.) The fact that a constitutional or statutory provision is cited in the complaint, however, does not give rise to a retaliatory-discharge cause of action. The test for determining if the complaint states a valid cause of action is whether the public policy clearly mandated by the cited provisions is violated by the plaintiff's discharge. (*Palmateer v. International Harvester Co.* (1981), 85 Ill. 2d 124, 134.) The application of this test necessarily involves determining what the public policy is behind the enactment or adoption of the particular provision. The public policy underlying a statutory or constitutional provision is found by examining the history, purpose, language and effect of the provision. (See *Kelsay v. Motorola, Inc.* (1978), 74 Ill. 2d 172, 180-85; 2A Sutherland, Statutory Construction secs. 56.01, 56.02 (4th ed. 1984).) The public policy clearly mandated by the provisions cited in plaintiffs' complaint is that the power of government should be limited in those areas. The cited

provisions mandate nothing concerning the relationship of private individuals, including private individuals in the employer-employee relationship.

The public policy of this State concerning the protection of constitutional and civil rights in the employer-employee relationship is expressed in the Illinois Constitution, article I, sections 17 and 19, and in the Illinois Human Rights Act (Ill. Rev. Stat. 1983, ch. 68, par. 1—101 *et seq.*). The Illinois Constitution prohibits employers from discriminating on the basis of race, color, creed, national ancestry, sex, and mental or physical handicap. (Ill. Const. 1970, art. I, secs. 17, 19.) Furthermore, the Illinois Human Rights Act states, "It is the public policy of this State: To secure for all individuals within Illinois the freedom from discrimination because of race, color, religion, sex, national origin, ancestry, age, marital status, physical or mental handicap, or unfavorable discharge from military service in connection with employment ***." (Ill. Rev. Stat. 1983, ch. 68, par. 1—102.) The Illinois Human Rights Act also provides remedies for the violation of these rights to insure that the public policy incorporated within them is not violated. There is nothing in either the Illinois Constitution or the Illinois Human Rights Act to mandate the inclusion of the right of free speech into those rights which are applicable to the employer-employee relationship.

The provisions cited in plaintiffs' complaint simply do not clearly mandate any public policy which was violated by the discharge of the plaintiffs. The public policy that is mandated by the cited provisions is that the power of government, not private individuals, be restricted. Thus the trial court erred by denying the defendant's motion to dismiss the complaint for failure to state a cause of action.

Additionally, we note in passing that the plaintiff's complaint is also defective in that it does not allege that

the plaintiffs were discharged in retaliation for their activities (*i.e.*, exercising their constitutional and statutory rights). In order to state a valid retaliatory-discharge cause of action, the plaintiff must allege that he was discharged in retaliation for his activities and that his discharge violates a clear mandate of public policy. *Palmateer v. International Harvester Co.* (1981), 85 Ill. 2d 124, 134.

For the reasons stated herein, the decision of the circuit court of St. Clair County denying the defendant's motion to dismiss the complaint for failure to state a cause of action is reversed and the cause is remanded with directions to enter an appropriate order dismissing the complaint.

*Reversed and remanded,*
*with directions.*

JUSTICE GOLDENHERSH took no part in the consideration or decision of this case.