DAN VEIT, Plaintiff-Appellant, v. THE VILLAGE OF ROUND LAKE *et al.*, Defendants-Appellees.

Second District    No. 2—87—0358

Opinion filed March 9, 1988.

Louis W. Brydges, Jr., of Brydges, Riseborough, Morris, Franke & Miller, of Waukegan, for appellant.

Vincent C. Cipolla, of Kurnik, Cipolla, Stephenson, Barasha & O'Dell, of Arlington Heights, for appellees.

JUSTICE NASH delivered the opinion of the court:

Plaintiff, Dan Veit, appeals from the dismissal of his complaint against defendants, Village of Round Lake, George Scherer, and Jack Haas, for failure to state a cause of action. We consider in this appeal whether an employee who has not been discharged from his job may recover damages for alleged retaliatory harassment by his employer for filing a worker's compensation claim.

The issues as framed by plaintiff are: (1) whether Illinois recognizes a cause of action for retaliatory harassment; and (2) whether, in addition to the employer, plaintiff's supervisors or managers may be liable for the claimed tort.

In count I of his complaint directed against the village, plaintiff alleged that while in the performance of his duty in his employment as a police officer for defendant village he was in an automobile accident and sustained a shoulder injury which required surgery to repair. Through his attorney, plaintiff subsequently submitted a claim to the village pursuant to the Workers' Compensation Act (Ill. Rev. Stat. 1983, ch. 48, pars. 138.1 through 138.30) for hospital and doctor bills and temporary total disability. The hospital and medical bills were paid in April 1984.

Plaintiff further alleged that since April 1984, and continuing thereafter, defendant village, through its agent, Chief of Police John Robinson, has harassed plaintiff in retaliation for making the claim under the Workers' Compensation Act. As instances of the alleged wrongful acts of harassment, plaintiff alleges he was not reappointed to a command position; was placed in a less desirable work rotation; was required to work on holidays more often than other employees of his rank; was relieved from duty as a juvenile officer and was not reappointed to that position; was not promoted to sergeant; was denied

opportunities to attend seminars to further his education; was denied the opportunity to schedule his vacation; and was generally harassed, abused and mistreated.

Plaintiff alleged that the wrongful acts by his employer in retaliation for making the claim for his injuries was contrary to public policy of Illinois and, as a proximate cause, he has been deprived of wages, prestige and rank within the police department for which he seeks compensatory damages.

In counts II and III of his complaint, plaintiff realleged the same matters and sought compensatory and punitive damages against defendants, George Scherer, mayor of the village, and Jack Haas, one of the village trustees.

Plaintiff contends that an action for retaliatory harassment is a logical extension of the recognized tort of retaliatory discharge as it protects and enhances the same public policy of Illinois embodied in the Workers' Compensation Act as does the right of action for retaliatory discharge. He argues that a remedy has been established where an employer has discharged an employee in retaliation for exercising his rights under the Act (see *Kelsay v. Motorola, Inc.* (1978), 74 Ill. 2d 172, 384 N.E.2d 353), and that the same remedy should apply where the employer stops short of discharge, but otherwise discriminates against the employee in retaliation for having exercised his rights. Ill. Rev. Stat. 1985, ch. 48, par. 138.4(h).

Defendants respond that permitting an action for retaliatory harassment would further erode the general rule in Illinois that an at-will employee may be discharged for any reason, or no reason at all, from which the retaliatory discharge action is a narrow exception (*Barr v. Kelso-Burnett Co.* (1985), 106 Ill. 2d 520, 525, 478 N.E.2d 1354) and would result in a proliferation of claims against employers.

While Illinois has recognized a cause of action for retaliatory discharge since *Kelsay v. Motorola, Inc.* (1978), 74 Ill. 2d 172, 384 N.E.2d 353, the question of whether an action exists for retaliatory harassment is one of first impression. We find no basis in Illinois law for such a cause of action.

■ Generally, an employer may discharge an at-will employee for any or no cause. (*Palmateer v. International Harvester Co.* (1981), 85 Ill. 2d 124, 128, 421 N.E.2d 876.) Our supreme court carved out an exception to the general rule and allowed a cause of action for retaliatory discharge where necessary to insure that the public policy behind the enactment of the Workers' Compensation Act was not frustrated. In *Palmateer*, the court made it clear that to sustain a cause of action for retaliatory discharge a plaintiff must show "that the employer dis-

charge the employee in retaliation for the employee's activities, and that the discharge be in contravention of a clearly mandated public policy." *Palmateer*, 85 Ill. 2d at 134; *Gonzalez v. Prestress Engineering Corp.* (1986), 115 Ill. 2d 1, 10, 503 N.E.2d 308.

■ In this case, plaintiff remains as an employee of the village police department and has neither been discharged nor has the "harassment" to which he alleges he has been subjected been such as to cause plaintiff's resignation or constructive discharge. In *Scheller v. Health Care Service Corp.* (1985), 138 Ill. App. 3d 219, 485 N.E.2d 26, *appeal denied* (1986), 111 Ill. 2d 595, the appellate court declined to extend the tort of retaliatory discharge to circumstances in which a plaintiff had, by the harassing conduct of his employer, been constructively, rather than actually, discharged. (*Scheller*, 138 Ill. App. 3d at 225.) The *Scheller* court relied upon statements of our supreme court in *Barr v. Kelso-Burnett Co.* (1985), 106 Ill. 2d 520, 478 N.E.2d 1354, which suggest that the tort of retaliatory discharge must be narrowly construed and its expansion discouraged. (*Scheller*, 138 Ill. App. 3d at 225; *Barr*, 106 Ill. 2d at 525; see also *Stilphen v. Northrop Corp.* (1987), 161 Ill. App. 3d 560, 563, 515 N.E.2d 154.) In its most recent consideration of the subject of retaliatory discharge, the supreme court noted that it "wish[ed] to make abundantly clear that we are not now endorsing the constructive discharge concept rejected by the appellate court in *Scheller*." *Hinthorn v. Roland's of Bloomington, Inc.* (1988), 119 Ill. 2d 526, 530-31.

We conclude no basis exists upon which to expand the limited tort of retaliatory discharge to the concept of retaliatory harassment urged by plaintiff so as to permit a right of action to an employee who is dissatisfied with his working conditions and has previously filed a worker's compensation claim.

In view of our holding, it is not necessary to consider whether plaintiff's supervisor or manager may be liable in an action for retaliatory harassment.

Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

DUNN and REINHARD, JJ., concur.