KRISS L. STUTZMAN, Plaintiff-Appellant, v. BOARD OF EDUCATION OF THE CITY OF CHICAGO *et al.*, Defendants-Appellees.

First District (3rd Division)   No. 87—3140

Opinion filed May 4, 1988.—Rehearing denied July 20, 1988.

Kriss L. Stutzman, of Park Forest, appellant *pro se.*

Gottlieb & Schwartz, of Chicago (Therese Linden Hodges and Marc R. Jacobs, of counsel), for appellees.

JUSTICE McNAMARA delivered the opinion of the court:

Defendant Board of Education of the City of Chicago suspended its employee, plaintiff Kriss L. Stutzman, for 24 days. Plaintiff filed suit and, after reviewing the pleadings and motions, and hearing argument, the trial court entered judgment for defendant on count I, which sought a writ of *certiorari*. The court dismissed count II, alleging due process violations, and count III, alleging first amendment violations.

The court also dismissed count IV alleging retaliatory suspension and count V alleging defamation. Plaintiff appeals.

Plaintiff served as a principal in the Chicago school system. In 1982, plaintiff counseled a tenured teacher at the school regarding problems occurring in her classroom. Plaintiff later began a remediation process, and the Board, consistent with his recommendation, issued a notice of remedial warning to the teacher. Ill. Rev. Stat. 1981, ch. 122, par. 34—85.

A 50-day remediation period followed the warning. During that period, plaintiff made approximately 30 observations of the teacher. Plaintiff wrote contemporaneous notes regarding these observations. On October 1, 1984, plaintiff wrote to the district superintendent that his observations indicated that the teacher failed to correct her deficient teaching performance.

The Board's legal department began preparation for the hearing before an officer appointed by the Illinois State Board of Education. Based upon plaintiff's observations and evaluation of the teacher, the legal department prepared charges and specifications for the suspension and discharge of the tenured teacher. A dismissal hearing was set for June 21, 1985. Throughout May and early June of 1985, plaintiff met with the Board's attorneys numerous times to discuss the charges and review the supporting documentation, which consisted mainly of plaintiff's recorded observations of the teacher. Plaintiff reviewed the chronology of events, the documentation, and the hearing procedure with legal counsel.

Three days before the hearing, the Board's attorneys met with plaintiff to hold a mock direct examination, using plaintiff's observation notes as a basis for the questioning. Plaintiff denied any memory of his observations of the teacher, denied any knowledge as to the dates on which he observed her, and denied that his notes could refresh his recollection of the relevant events. Plaintiff insisted that if he testified based upon his notes he would be lying, and that he could only read the notes verbatim. Despite several other meetings with various attorneys for the Board, plaintiff maintained that he could not recall anything and insisted that his memory could not be refreshed. Plaintiff informed legal counsel that there was no way acceptable to him that he could testify.

The Board's legal counsel directed plaintiff to comply with the law department in the preparation of his testimony and then went on to begin a mock direct examination with a district superintendent. When she set forth an observation which she had made of the teacher, plaintiff interrupted, insisting that the superintendent was lying and could

not remember such an observation.

The Board's legal department determined that it could not proceed against the teacher, absent the cooperation of plaintiff as the observing principal. The charges were dropped and the teacher was transferred out of plaintiff's school.

On October 11, 1985, the general superintendent of schools sought the suspension of plaintiff for 30 school days, stating that the request was "based on allegations that you were guilty of insubordination on more than one occasion and that you deserted your professional responsibility as a Principal in connection with your role as a witness in a recent teacher suspension/dismissal proceeding." In accordance with the relevant procedural requirements, a presuspension hearing was scheduled for October 17, 1985, and plaintiff was advised of his right to counsel. The hearing was postponed until October 24, 1985.

On October 23, plaintiff's counsel requested a more specific statement of the reasons for the suspension. On the same day, the general superintendent replied in writing that the reasons included:

"1. Insubordination (specifically the Principal's repeated refusal to comply with the directive of the District Superintendent *** to cooperate with the Board of Education's legal department in preparation for the termination hearing of a tenured teacher) and

2. Desertion of the Principal's professional responsibility in his role as a witness in said teacher dismissal proceeding."

At the suspension hearing, plaintiff's counsel examined the witnesses. The hearing officer later recommended the suspension for 24 school days. The Board adopted that recommendation, and plaintiff served the suspension from January 29 through March 5, 1986.

The trial court entered judgment for defendants on count I, which sought a writ of *certiorari*. Where the agency is not arbitrary in its findings and the record fairly tends to support its findings, a reviewing court may not substitute its judgment. (*Quinlan & Tyson, Inc. v. City of Evanston* (1975), 25 Ill. App. 3d 879, 324 N.E.2d 65.) The trial court here found that a common law writ of *certiorari* should be treated as an administrative review. This court, therefore, must inquire whether the agency had jurisdiction and acted within its jurisdiction, whether it proceeded according to law and acted on the evidence, and whether there is anything in the record which fairly tends to sustain the action of the agency. *Odell v. Village of Hoffman Estates* (1982), 110 Ill. App. 3d 974, 443 N.E.2d 247.

The Board clearly had jurisdiction to hear the suspension case of its employee. (*Spinelli v. Immanuel Lutheran Evangelical Congre-*

*gation, Inc.* (1987), 118 Ill. 2d 389, 515 N.E.2d 1222.) The Board also proceeded according to law. Plaintiff received notice, and the notice was sufficiently clear so as to allow plaintiff to prepare a defense. (*Altman v. Board of Fire & Police Commissioners* (1982), 110 Ill. App. 3d 282, 442 N.E.2d 305.) The notice was timely, in that it was received by plaintiff on October 16; the hearing began on October 24; and the hearing was adjourned until November 1, prior to plaintiff's cross-examination of the Board's chief witness. The trial court found that the hearing was impartially conducted, and plaintiff presented no facts showing the officer's bias or any due process violation. Moreover, discharge and suspension hearings need not follow the same procedures. (*Spinelli v. Immanuel Lutheran Evangelical Congregation, Inc.* (1987), 118 Ill. 2d 389, 515 N.E.2d 1222.) In addition, we note that the Board's preservation of the hearing officer's findings for review was sufficient. *O'Boyle v. Personnel Board* (1983), 119 Ill. App. 3d 648, 456 N.E.2d 998.

■ Furthermore, the record shows that the Board acted on the evidence presented to the hearing officer and that the record fairly tends to sustain the Board's action. An agency's findings and conclusions are *prima facie* true and correct and will not be disturbed unless contrary to the manifest weight of the evidence. *Fenyes v. State Employees' Retirement System* (1959), 17 Ill. 2d 106, 160 N.E.2d 810.

After repeatedly observing the tenured teacher, and making extensive notes, plaintiff concluded that the teacher should be dismissed. For some time thereafter, plaintiff cooperated with the Board's legal counsel in preparing for the hearing. Only a few days prior to the hearing, plaintiff maintained that he remembered nothing about the observations and that the detailed notes failed to refresh his memory. In effect, plaintiff refused to testify regarding his 50-day period of observation and documentation. Plaintiff's insistence that the Board called on him to perjure himself is not supported by the record.

The trial court enumerated four possible inferences which the hearing officer could make from the evidence and which could support a suspension: plaintiff inexplicably could not refresh his memory; plaintiff's notes were fabricated; plaintiff believed that the notes were untrustworthy and that they should not be submitted to cross-examination; or plaintiff chose to cooperate with the teacher, or not cooperate with the Board, for some ulterior reason. We agree with the trial court that the evidence supports the Board's decision to suspend plaintiff. The trial court's entry of judgment in favor of defendants as to count I was proper.

■ Counts II through V were dismissed by the trial court. A cause

of action should not be dismissed unless it appears that no set of properly pleaded facts could be proved which would permit recovery. *Fitzgerald v. Chicago Title & Trust Co.* (1978), 72 Ill. 2d 179, 380 N.E.2d 790.

■ Count II alleged violations of plaintiff's due process rights. The fourteenth amendment due process rights are not triggered by a 24-day suspension because a property interest is only implicated in a termination. (See *Brown v. Brienen* (7th Cir. 1983), 722 F.2d 360.) In addition, no liberty interest was implicated. (See *Paul v. Davis* (1976), 424 U.S. 693, 47 L. Ed. 2d 405, 96 S. Ct. 1155; *Hirshinow v. Bonamarte* (7th Cir. 1984), 735 F.2d 264.) Furthermore, no substantive due process rights were violated by the Board's suspension policy. (See *Scott v. Department of Commerce & Community Affairs* (1981), 84 Ill. 2d 42, 416 N.E.2d 1082.) The trial court properly dismissed count II.

In count III, plaintiff alleges that the Board violated his right to free speech. The complaint is wholly insufficient in its unsupported assertions concerning these alleged violations, and the trial court properly dismissed this count.

■ In count IV, plaintiff alleges a new cause of action, "retaliatory suspension." We know of no authority in Illinois indicating an expansion of the retaliatory discharge cause of action (*Palmateer v. International Harvester Co.* (1981), 85 Ill. 2d 124, 421 N.E.2d 876; *Kelsey v. Motorola, Inc.* (1978), 74 Ill. 2d 172, 384 N.E.2d 353) to include 24-day suspensions from employment, and we do not believe such an expansion should be created under the facts presented here. The trial court properly dismissed count IV.

■ Count V alleges defamatory comments were made by certain members of the Board, including a remark that plaintiff was an "amnesia principal." Plaintiff has failed to plead more than bare allegations that defendants acted wilfully or with malice and thus has failed the relevant test stated in *New York Times Co. v. Sullivan* (1964), 376 U.S. 254, 11 L. Ed. 686, 84 S. Ct. 710. Plaintiff fails to adequately allege facts indicating that the statements were made with knowledge of their falsity or reckless disregard for their truth. (See *Colson v. Stieg* (1982), 89 Ill. 2d 205, 433 N.E.2d 246.) The trial court properly dismissed count V for failure to state a cause of action.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

WHITE, P.J., and FREEMAN, J., concur.