940 F.2d 665
 UNPUBLISHED DISPOSITION
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Robert EDMUNDSON, Plaintiff-Appellant,
v.
CONTINENTAL PIPELINE COMPANY and Conoco, Incorporated,
Defendants-Appellees.
 No. 90-3089.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 17, 1991.*
Decided Aug. 8, 1991.
 
 Before CUDAHY and COFFEY, Circuit Judges, and PELL, Senior Circuit Judge.
 
 ORDER
 
 1
 Plaintiff Robert Edmundson brought suit in district court alleging racial discrimination under 42 U.S.C. Sec. 1981 and various state laws after he was discharged by his employer Continental Pipeline Co. (Continental). The district court dismissed the second amended complaint with prejudice. We affirm.
 
 
 2
 Edmundson was fired from his job by Continental in 1986 and subsequently filed suit for racial harassment and discharge. After discovery, Continental filed a motion for summary judgment. In its reply brief, Continental noted that the Supreme Court had recently decided Patterson v. McLean Credit Union, 491 U.S. 164 (1989), which limited actions under section 1981 to cases of discrimination in the making and enforcing of private contracts. The district court called for supplemental briefing on the effect of Patterson. After briefing, the district court granted summary judgment in favor of Continental, but gave Edmundson leave to file an amended complaint. He filed a four count amended complaint still alleging that Continental violated section 1981, but adding that Continental violated Edmundson's rights under Illinois public policy and breached implied terms and conditions of an employment contract. The district court granted Continental's motion to dismiss, but again granted Edmundson thirty days to file a second amended complaint. He changed a few words and filed the second amended complaint which the district court then dismissed with prejudice.
 
 
 3
 Initially Edmundson argues that Patterson should not apply to discriminatory discharge cases and should not apply retroactively to cases such as his which were pending when the Court decided Patterson. In McKnight v. General Motors Corp., 908 F.2d 104 (8th Cir.1990), this court held, along with eight other circuits, that under Patterson discharges, in addition to harassment, are no longer actionable under section 1981. Id. at 108-109. The only case to the contrary, Hicks v. Brown Group, Inc., 902 F.2d 630 (8th Cir.1990), has been vacated by the Supreme Court, 111 S.Ct. 1299 (1991) and overruled by the Eight Circuit sitting en banc. Taggart v. Jefferson County Child Support Enforcement Unit, No. 89-2429EA (8th Cir. June 6, 1991). We decline Edmundson's suggestion to overrule or restrict McKnight.
 
 
 4
 On appeal, Edmundson for the first time challenges the retroactive application of Patterson to his case. Before the district court, he attempted to distinguish Patterson while arguing that he had entered into a new contract each year (or perhaps each day), making Continental's failure to renew at the time of his discharge actionable. He never addressed whether Patterson should apply retroactively and such arguments raised for the first time on appeal are waived. Amplicon Leasing v. Coachmen Indus., Inc., 910 F.2d 468, 471 (7th Cir.1990).
 
 
 5
 Next, Edmundson argues that Continental has waived any claim that Patterson applies to this case. In fact, the record reveals that Continental raised Patterson at almost every juncture. The Supreme Court decided Patterson after Continental had filed for summary judgment on Edmundson's complaint. Continental raised the issue at its earliest opportunity--its reply brief. The district court ordered supplemental briefing on the issue and Continental complied, raising the issue a second time. After Edmundson filed his first amended complaint, Continental raised the issue a third time in its motion to dismiss, which the district court granted. Continental raised the issue for a fourth time in its motion to dismiss Edmundson's second amended complaint. This issue is not waived.
 
 
 6
 Finally, Edmundson argues that his pendent state law claim regarding retaliatory discharge for complaints at the work place regarding safety was improperly dismissed. In Count 2 of the complaint, Edmundson alleged that "[t]he public policy of the State of Illinois is that employees may make complaints about job conditions which are hazardous to themselves and others." He argues on appeal that he had a right to make complaints to the Illinois Department of Labor regarding violations of safety or health standards. The problem is that Edmundson never made such a complaint, nor does he reveal what safety or health concerns would have been included in such a complaint. Instead, his complaint to higher-ups at Continental took the form of a diatribe against a supervisor which he fashioned as a novella. "The common law doctrine that an employer may discharge an employee-at-will for any reason or for no reason is still the law in Illinois, except for when the discharge violates a clearly mandated public policy." Barr v. Kelso-Burnett Co., 106 Ill.2d 520, 525, 478 N.E.2d 1354, 1356 (1985). There is no precise definition of public policy. Palmateer v. International Harvester Co., 85 Ill.2d 124, 126, 421 N.E.2d 876, 878-79 (1981). We doubt that ad hominem attacks against an employer who failed to see the wisdom of a corporate marketing plan designed by someone from the pipe-fitting department is protected by Illinois public policy.
 
 
 7
 The decision of the district court granting Continental's motion for summary judgment is AFFIRMED.
 
 
 
 *
 This case was originally set for oral argument. The court, on its own motion, withdrew the case from the oral argument calendar. The court then notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record