**Pamela LUDWIG, Plaintiff,**

v.

**C & A WALLCOVERINGS, INC., d/b/a Kinney Wallcoverings, an Ohio Corporation, Defendant.**

**No. 90 C 887.**

United States District Court,
N.D. Illinois, E.D.

Nov. 5, 1990.

George C. Pontikes, Pontikes, Porikos, Rodes & Economos, Chicago, Ill., for plaintiff.

George Vernon, Laurie A. Spieler, Keck, Mahin & Cate, Chicago, Ill., Robert L. Thompson, John R. Trapnell, Nancy F. Reynolds, Elarbee, Thompson & Trapnell, Atlanta, Ga., for defendant.

## ORDER

BUA, District Judge.

Seeking monetary damages, plaintiff Pamela Ludwig filed this wrongful discharge action against defendant C & A Wallcoverings, Inc., d/b/a Kinney Wallcoverings ("Kinney"). Although Ludwig initially filed suit in the Circuit Court of Cook County, Kinney removed the case to federal court based on diversity jurisdiction. With the date set for trial rapidly approaching, Kinney has moved for summary judgment. For the reasons stated herein, Kinney's motion for summary judgment is granted.

## FACTS

Kinney, a distributor of wallpaper and accessories, maintains its principal place of business in Cleveland, Ohio. In 1981, Ludwig began working at Kinney's branch office located in Hillside, Illinois. Approximately seven years later, Ludwig was promoted to the position of administrative assistant to the branch manager.

Several months after Ludwig began her new position, she informed the company of several improprieties allegedly committed by the branch manager, Carole Hoger. According to Ludwig, Hoger took possession of leather coats that had been mistakenly delivered to the office, and attempted to sell them to Ludwig. Ludwig also claims that Hoger instructed the branch supervisors to place the letter "A" on job applications submitted by black applicants. Finally, Ludwig accused Hoger of divulging confidential information regarding the workers' compensation claim of a Kinney employee.

On March 27, 1989, one week after Ludwig reported the alleged misconduct, a company official named Gordon Kurtz visited the Hillside office to investigate Ludwig's complaints. At the end of the day, Kurtz thanked Ludwig for bringing the matter to the company's attention; but he stated that he did not find any merit to Ludwig's allegations. Kurtz then informed Ludwig that she would no longer be serving as Hoger's assistant. Kurtz told Ludwig that she was being demoted to an "order taker," a job that entailed lesser clerical duties. Despite this demotion, Kurtz indicated that Ludwig would continue to earn the same salary that she was earning as an administrative assistant.

When Ludwig arrived at work the following day, she began removing her personal belongings from her desk. Upon seeing Ludwig at her desk, Hoger instructed her to "go into the other department" and to use another employee's desk. Hoger also gave Ludwig a clerical task to perform.

Within two hours of arriving at work, Ludwig became ill. At 9:30 a.m., she called her physician and made an appointment to see him. Ludwig then informed Hoger that she did not feel well and that she was

leaving work. Hoger gave Ludwig permission to go home.

On the advice of her doctor, Ludwig did not return to work the next day. Ludwig's doctor gave her a note excusing her from work. The note stated that Ludwig was suffering from a severe stress disorder and that she "should be off work until further evaluation." At Hoger's request, Ludwig filled out a "leave of absence" form. Such a form is typically filled out by Kinney employees who expect to be absent from work for extended periods of time.

Ludwig had two more appointments with her doctor over the course of the following two weeks. On both occasions, the doctor prepared a note stating that Ludwig was still unable to work—and Ludwig's husband relayed this information to Kinney.

On April 12, 1989, Hoger sent a letter to Ludwig stating that the company had arranged for Ludwig to be examined by a doctor, and that Ludwig would not be charged for the examination. The letter also stated that Ludwig's failure to keep the appointment could affect her continued eligibility for disability benefits. In a letter dated April 18, 1989, Ludwig informed Hoger that the company was to contact her only through her attorney. Having concluded that she was terminated on March 27, 1989, Ludwig intimated that legal action was forthcoming.

Ludwig subsequently commenced this action against Kinney for retaliatory discharge. Ludwig contends that she was discharged in retaliation for reporting the misconduct allegedly committed by Hoger.

### DISCUSSION

■ To establish a claim for retaliatory discharge under Illinois law, Ludwig must demonstrate that she was "(1) discharged; (2) in retaliation for her activities; and (3) that the discharge violates a clear mandate of public policy." *Hinthorn v. Roland's of Bloomington, Inc.*, 119 Ill.2d 526, 529, 116 Ill.Dec. 694, 696, 519 N.E.2d 909, 911 (1988). Ludwig, however, has failed to satisfy the very first element—*i.e.*, that she was discharged. *See Bryce v. Johnson & Johnson*, 115 Ill.App.3d 913, 921, 71 Ill. Dec. 356, 361, 450 N.E.2d 1235, 1240 (1983).

Kinney never actually terminated Ludwig. To the contrary, Ludwig was assigned to a different position at the same salary. Rather than severing the employment relationship, Kinney demoted Ludwig. Although Ludwig was never formally discharged, she contends that the circumstances surrounding her demotion indicated that she was in fact discharged. In support of this contention, Ludwig points out that her name was placed on a time card when she arrived at work—which, in Ludwig's view, indicated that she was no longer a salaried employee. But merely because Kinney prepared a time card for Ludwig does not demonstrate that she was terminated; if anything, it suggests that she was still an employee of Kinney.

Ludwig also asserts that she was not given a desk or a job assignment. Yet, Ludwig has not provided any facts to substantiate this assertion. Ludwig admits that Hoger allowed her to use another employee's desk. While Ludwig claims that she had no job assignment, she concedes that Hoger gave her a clerical task when she reported to work on March 28, 1990. Ludwig certainly has not presented sufficient facts to support a conclusion that she was terminated.

Even Ludwig herself must have believed that she was still employed by Kinney: Ludwig filled out a leave of absence form after she became ill. Moreover, Ludwig's husband delivered three notes from her doctor explaining her absence from work. The fact that Ludwig continued to receive a paycheck while she was on sick leave also demonstrates that she was not discharged by Kinney.

■ In the absence of any evidence that Ludwig was either directly terminated or otherwise coerced to quit, Ludwig cannot maintain a claim for retaliatory discharge. The Illinois Supreme Court has not endorsed an expansive interpretation of the tort of retaliatory discharge. *See Barr v. Kelso–Burnett Co.*, 106 Ill.2d 520, 525, 88 Ill.Dec. 628, 630, 478 N.E.2d 1354, 1356 (1985). Indeed, other Illinois courts have expressly refused to extend the tort to situations in which the employee was "constructively," rather than actually, discharged. *Grey v. First Nat'l Bank of*

*Chicago,* 169 Ill.App.3d 936, 942–43, 120 Ill.Dec. 227, 523 N.E.2d 1138, 1143 (1988); *Scheller v. Health Care Serv. Corp.,* 138 Ill.App.3d 219, 224–25, 92 Ill.Dec. 471, 485 N.E.2d 26, 29–30 (1985).

Ludwig is essentially seeking relief for retaliatory *demotion*—a cause of action which has yet to be recognized by an Illinois court. *See Willis v. Evans Prods. Co.,* 1987 WL 11337 1987 U.S. Dist. LEXIS 4175, *10 (N.D.Ill.1987). Since Illinois courts have followed a narrow interpretation of retaliatory discharge, and have hesitated to expand its scope, this court declines Ludwig's invitation to extend state law by creating a cause of action for retaliatory demotion.

In short, the facts of this case simply do not demonstrate that Ludwig was discharged by Kinney. For this reason, Ludwig cannot pursue a claim for retaliatory discharge.

### CONCLUSION

For the foregoing reasons, Kinney's motion for summary judgment is granted.

IT IS SO ORDERED.