Pamela LUDWIG, Plaintiff–Appellant,

v.

C & A WALLCOVERINGS, INCORPO-
RATED, an Ohio Corporation d/b/a
Kinney Wallcoverings, Defendant–Ap-
pellee.

No. 90–3724.

United States Court of Appeals,
Seventh Circuit.

Argued Dec. 13, 1991.

Decided April 3, 1992.

George C. Pontikes (argued), Pontikes & Associates, Chicago, Ill., for plaintiff-appellant.

George Vernon, Laurie A. Spieler, Keck, Mahin & Cate, Chicago, Ill., Robert L. Thompson, J. Raymond Trapnell, Nancy F. Reynold (argued), Elarbee, Thompson & Trapnell, Atlanta, Ga., for defendant-appellee.

Before CUMMINGS, WOOD, Jr.,[*] and KANNE, Circuit Judges.

KANNE, Circuit Judge.

The question raised on this appeal is whether an employee can maintain an action for retaliatory discharge under Illinois law when she alleges that she was merely demoted—rather than terminated—from her former position. On a motion for summary judgment, the district court ruled

that such a claim was not actionable in Illinois. 750 F.Supp. 339. We affirm.

From September 1988 until March 1989, Pamela Ludwig was employed as administrative assistant to the manager of the Kinney Wallcoverings branch office in Hillside, Illinois.[1] In mid-March 1989, Ludwig contacted Kinney's management to report several incidents of misconduct allegedly committed by her supervisor, Carole Hoger. She claimed, *inter alia*, that Hoger had misappropriated several leather coats which had been mistakenly delivered to the branch office, and that she had instructed branch supervisors to place the letter "A" on job applications submitted by black applicants. On March 27, 1989, a Kinney official was sent to the Hillside branch to pursue Ludwig's complaints. However, when the day-long investigation failed to reveal evidence of any impropriety on the part of Hoger, the official informed Ludwig that she was being demoted to the position of order taker—a job which entailed lesser clerical duties but a salary commensurate with that which she was previously earning.

The following morning on March 28, 1989, Ludwig returned to work, but within two hours she became ill and left the office to visit her physician. After examining her, Ludwig's physician concluded that she was afflicted with a severe stress disorder and therefore advised her not to report to work for a week until he had an opportunity to reevaluate her condition; he also prepared a written note to that effect, which Ludwig's husband relayed to the Hillside store management. During the course of the ensuing two weeks, Ludwig saw her physician two more times, and on both occasions she received a written excuse stating that she was still unable to work. Throughout this same period she continued to receive paychecks from Kinney for sick leave.

On April 11, 1989, Ludwig applied for a leave of absence and disability benefits. The next day she received a letter from

---

[*] Judge Wood, Jr., assumed senior status on January 16, 1992, which was after oral argument in this case.

1. Kinney is a subsidiary of C & A Wallcoverings, Inc., an Ohio corporation.

Hoger indicating that the company doctor would need to examine her before she would be eligible for such benefits. Ludwig, however, refused to arrange an appointment with the company doctor, and instead wrote Hoger on April 18 to inform her that Kinney was to contact her only through her attorney. She also wrote that she deemed herself "terminated" by Kinney Wallcoverings as of March 27, 1989. Ludwig subsequently filed suit charging Kinney with retaliatory discharge.

In a memorandum opinion issued on November 5, 1990, the district court granted summary judgment in favor of Kinney on all claims. Finding that Ludwig had not presented any evidence establishing that she was either directly terminated or otherwise coerced to quit, the court held that Ludwig was "essentially seeking relief for retaliatory *demotion*—a cause of action which ha[d] yet to be recognized by an Illinois court." The district court further explained that:

> [s]ince Illinois courts have followed a narrow interpretation of retaliatory discharge, and have hesitated to expand its scope, this court declines Ludwig's invitation to extend state law by creating a cause of action for retaliatory demotion.

Ludwig now challenges the district court's entry of summary judgment on two grounds. She first contends that the district court erred as a matter of law in holding that her claim, as alleged, did not state a cause of action for retaliatory discharge under Illinois law. Alternatively, she argues there were genuine issues of material fact as to whether she was actually terminated from her position as administrative assistant. But in the event that either of these challenges fail, she has hedged her bets by raising the following back-up argument: if we are not convinced that Illinois courts would find claim for retaliatory discharge under the facts of this case, we should certify the question to the Supreme Court of Illinois in accordance with Circuit Rule 52 and Rule 20 of the Rules of the Supreme Court of Illinois. Each of these arguments is addressed in turn.

■ We review the district court's entry of summary judgment *de novo*, draw-

ing all reasonable inferences in favor of the non-moving party. *Santella v. Chicago*, 936 F.2d 328, 331 (7th Cir.1991); *First Wisconsin Trust Co. v. Schroud*, 916 F.2d 394, 398 (7th Cir.1990). Summary judgment is appropriate if we can determine that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R.CIV.P. 56(c); *Schroud*, 916 F.2d at 398. We likewise review *de novo* the district court's interpretation of state law. *Salve Regina College v. Russell*, — U.S. —, 111 S.Ct. 1217, 113 L.Ed.2d 190 (1991). "In exercising our obligation to provide meaningful appellate review in diversity cases, we must strive to parse state law and, if necessary, forecast its path of evolution." *Belline v. K–Mart Corp.*, 940 F.2d 184, 186 (7th Cir.1991). Viewing Ludwig's claim in this light, we conclude that the district court properly entered summary judgment in favor of Kinney.

■ The Illinois tort of retaliatory discharge encompasses three distinct elements: first, an employee must establish that she has been discharged; second, she must demonstrate that her discharge was in retaliation for her activities; and finally, she must show that the discharge violates a clear mandate of public policy. *Hinthorn v. Roland's of Bloomington, Inc.*, 119 Ill.2d 526, 116 Ill.Dec. 694, 696, 519 N.E.2d 909, 911 (1988); *Barr v. Kelso–Burnett Co.*, 106 Ill.2d 520, 88 Ill.Dec. 628, 632, 478 N.E.2d 1354, 1358 (1985). Although Ludwig apparently concedes that she was not actually discharged from Kinney's payroll—at least for purposes of her initial challenge—she claims that the same public policy considerations underlying the tort of retaliatory discharge should likewise support a claim even where an employee was simply demoted, rather than severed from her employment. Hence, she concludes that the district court committed reversible error in holding that the Illinois courts would not favor expanding the tort for cases alleging facts similar to her's.

■ Ludwig faces a Sisyphean task. Illinois courts have repeatedly expressed their reluctance to expand the tort beyond its original confines, particularly with re-

spect to the first element of discharge. *See Hinthorn,* 116 Ill.Dec. at 696, 519 N.E.2d at 911 (stating that the Illinois Supreme Court does not "strongly support" expansion of the retaliatory discharge tort). On several occasions, plaintiffs have come forward stating claims for "constructive" discharge—i.e. their employers made the work environment so inhospitable for the targeted employee that he or she was effectively forced to resign. Each met with the same result: dismissal for failure to state a cause of action under Illinois law. *See Grey v. First National Bank of Chicago,* 169 Ill.App.3d 936, 120 Ill.Dec. 227, 232 n. 2, 523 N.E.2d 1138, 1143 n. 2 (1st Dist. 1988) (" '[C]onstructive discharge is not an actionable concept' in regard to retaliatory discharge."); *Scheller v. Health Care Service Corp.,* 138 Ill.App.3d 219, 92 Ill.Dec. 471, 475, 485 N.E.2d 26, 30 (1985) ("We conclude that adoption of the constructive discharge concept suggested by the plaintiff would contravene the plain language of our supreme court ... and would result in a proliferation of cases.").

Given Illinois' narrow reading of the tort's first element, we cannot believe that a demotion would be any more actionable than a claim of constructive discharge. Recognizing a retaliation tort for actions short of termination could subject employers to torrents of unwarranted and vexatious suits filed by disgruntled employees at every juncture in the employment process. And why stop at demotions? If, as Ludwig argues, a demotion raises the same policy concerns as a termination, so too would transfers, alterations in job duties, and perhaps even disciplinary proceedings. The potential for expansion of this type of litigation is enormous. Surely, the Illinois Supreme Court would not have described retaliatory discharge in such bright-line language had it intended the tort to be so all-encompassing.

Ludwig's second challenge fares no better. A review of the record makes it patently obvious that there were no genuine issues of material fact as to whether she was actually fired: she was never formally discharged; her name was kept on a time-card; she continued to receive the same salary she had earned as administrative assistant to the manager; she was assigned a clerical task on the day following her demotion; she submitted three doctor's slips excusing her absences from work; and she continued to receive sick pay for two weeks after the date she unilaterally considered herself "terminated." In short, no reasonable jury could find that Ludwig's employment relationship with Kinney had been severed by the company.

■ We likewise reject Ludwig's invitation to certify to the Illinois Supreme Court her question about the validity of an action for retaliatory demotion. A question of Illinois law will be certified only when (1) the question is determinative of the case and, (2) when there is no clear controlling precedent. *Collins Co., Ltd. v. Carboline Co.,* 837 F.2d 299, 303 (7th Cir.1988). Ludwig's claim fails the second part of this conjunctive test. As we have already discussed above, the Illinois courts have uniformly refused any expansion of the tort of retaliatory discharge, particularly with regards to the element of actual termination. We could receive no signal clearer than that.

The district court's grant of summary judgment in favor of the defendants is therefore AFFIRMED, and the plaintiff's motion for certification pursuant to Rule 52 is DENIED.