**Lynette R. GRIGGS, Plaintiff,**

v.

**MARION HOSPITAL CORPORATION, d/b/a Heartland Regional Medical Center, Defendant.**

**No. 2004–CV–4241–JPG.**

United States District Court, S.D. Illinois.

April 22, 2005.

Richard J. Behr, Jason W. Kinser, Behr, McCarter & Potter, P.C., Clayton, MO, for Defendant.

## MEMORANDUM AND ORDER

GILBERT, District Judge.

This matter comes before the Court on Defendant's motion for judgment on the pleadings (Doc. 18), to which Plaintiff responded (Doc. 20) and Defendant replied. (Doc. 22). For the reasons discussed below Defendant's motion will be GRANTED.

The facts at this juncture of the case come solely from Plaintiff's complaint, taken as true for present purposes. Although not written in so many words, Plaintiff Lynette Griggs seems to be a nurse by trade. Equally unclear is the nature of her injury; we're merely told she "suffers from numerous medical conditions and impairments, including problems of the spine which required the use of a morphine pump" and relatedly, that "[p]rior to applying for employment with [Defendant, she] had sustained a work-related injury with a previous employer and had filed a claim for benefits with that employer." Nevertheless, she apparently applied for a

job at Defendant's hospital-one she felt she could "perform . . . with reasonable accommodation"-but was allegedly turned down "[i]n contravention of public policy . . . unlawfully, wrongfully, without just cause, and in bad faith." Accordingly, she's sued Defendant for damages under the Americans With Disabilities Act and the Illinois tort of wrongful discharge. This motion concerns the latter.

■ The astute reader will quickly note that Plaintiff was never discharged, however. Recall that Defendant simply refused to hire her in the first instance. That, in turn, seems to create a threshold problem in this case, if for no other reason than that the tort on which Plaintiff relies goes by the name wrongful *discharge*. And so Defendant argues, correctly noting along those lines that Plaintiff "fails to cite a single case recognizing a cause of action for a 'wrongful refusal to hire.' " Nor has the Court's research revealed any such case, for that matter. Of course, the flip side is that no case explicitly rejects such a theory, either. In any event, citing *Darnell v. Impact Indus., Inc.*, 105 Ill.2d 158, 85 Ill.Dec. 336, 473 N.E.2d 935 (1984), Plaintiff appeals to the policy underlying wrongful discharge, which she finds equally "undermined when a subsequent employer refuses to hire" a person who's previously filed a workers' compensation claim. Maybe so, but she still faces a significant hurdle in this forum, given the holding in *Ludwig v. C & A Wallcoverings, Inc.*, 960 F.2d 40 (7th Cir.1992). In that case an employee sought recovery for the injury caused by her *demotion*, not her *termination*-and her claim was rejected. "Illinois courts have repeatedly expressed their reluctance to expand the tort beyond its original confines, particularly with respect to the first element of discharge," *Ludwig* observed. 960 F.2d at 42–43. Notably, it cited *Scheller v. Health Care*

*Svc. Corp.*, 138 Ill.App.3d 219, 92 Ill.Dec. 471, 485 N.E.2d 26, 30 (1985), for this proposition, a case in which the Illinois Supreme Court refused to include a constructive discharge within the scope of a wrongful discharge. 960 F.2d at 43. *Ludwig* continued: "Surely, the Illinois Supreme Court would not have described retaliatory discharge in such bright-line language had it intended the tort to be so all-encompassing." 960 F.2d at 43.

■ *Ludwig* therefore implies two things for this case. Wrongful discharge arises under Illinois law, and federal courts applying Illinois law must predict how the Illinois Supreme Court would rule on an unclear issue of state law like the one presented here. *Research Sys. Corp. v. IPSOS Publicite*, 276 F.3d 914, 925 (7th Cir.2002). Which brings us to point number one. That is, this Court must follow the Seventh Circuit's lead to the extent such a lead exists-and in this case our "lead" comes from *Ludwig*. The decision itself isn't precisely on point, to be sure, but that *Ludwig* found the state of Illinois law "clear" on the issue before it is instructive nonetheless. *Ludwig* stressed: "As we have already discussed above, the Illinois courts have uniformly refused any expansion of the tort of retaliatory discharge, particularly with regards to the element of actual termination. *We could receive no clearer signal than that.*" 960 F.2d at 43 (emphasis added). So Plaintiff's claim must be rejected at the threshold as inconsistent with *Ludwig*.

Two, Plaintiff's claim is itself inconsistent with Illinois law in this area. Note that *Zimmerman v. Buchheit of Sparta, Inc.*, 164 Ill.2d 29, 206 Ill.Dec. 625, 645 N.E.2d 877 (1995), affirmed *Ludwig's* prediction. And *Zimmerman* renders Plaintiff's reliance on *Carter Coal Co. v. Human Rights Comm'n*, 261 Ill.App.3d 1, 198 Ill. Dec. 740, 633 N.E.2d 202 (1994), all but

worthless. Thus, while *Carter Coal Co.* found that "section 6–101(A) of the Illinois Human Rights Act includes the refusal to hire or discharge of a person because that person had filed a discrimination charge against another entity," 633 N.E.2d at 213, *Zimmerman* rejected that notion as applied in this context. But cf. *Heldenbrand v. Roadmaster Corp.*, 277 Ill.App.3d 664, 214 Ill.Dec. 405, 660 N.E.2d 1354, 1358 (1996) ("A retaliatory discharge action is somewhat analogous to a claim under Title VII of the Civil Rights Act of 1964.").

> As demonstrated by the decisional law of this State, the element of discharge in violation of a clear public policy is essential to the tort created by this court in *Kelsay* [*v. Motorola,* 74 Ill.2d 172, 23 Ill.Dec. 559, 384 N.E.2d 353 (1978) ]. In the instant case we are asked to extend the existing law to circumstances in which the employee suffers a loss of employment status or income, or both, but is not terminated from her employment altogether. Such an expansion of current law would be significant, given the consistent refusal of the courts of this State to dilute the discharge requirement....
>
> We decline plaintiff's request to extrapolate from the rationale of *Kelsay* a cause of action predicated on retaliatory demotion.

*Zimmerman,* 206 Ill.Dec. 625, 645 N.E.2d at 882.

### CONCLUSION

Defendant's motion for judgment on the pleadings (Doc. 18) is **GRANTED.** Count II of Plaintiff's complaint is therefore **DISMISSED with prejudice.**

**IT IS SO ORDERED.**