# IN THE SUPREME COURT OF THE STATE OF NEVADA

KEITH M. BATTS,
Appellant,
vs.
COMPUTER SCIENCES
CORPORATION, A NEVADA
CORPORATION; CSC APPLIED
TECHNOLOGIES, LLC, A DELAWARE
LIMITED LIABILITY COMPANY; AND
PAE APPLIED TECHNOLOGIES, LLC,
A DELAWARE LIMITED LIABILITY
COMPANY,
Respondents.

No. 73979

FILED

DEC 20 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S.Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court summary judgment in a wrongful termination action. Eighth Judicial District Court, Clark County; Eric Johnson, Judge.

Appellant Keith M. Batts was employed as a security guard by a company that previously held the security contract at the Tonopah Test Range. When respondents Computer Science Corporation, CSC Applied Technologies, LLC, and PAE Applied Technologies, LLC (collectively CSC) acquired the security contract for the Tonopah Test Range, it declined to hire Batts. Batts sued CSC, alleging a claim for wrongful termination under NRS 50.070 and alleging a common law tort of wrongful refusal to hire.

The district court granted summary judgment in favor of CSC, finding that CSC was entitled to judgment as a matter of law because Batts could not maintain either a claim for wrongful termination under NRS 50.070 or a common law tort of wrongful refusal to hire. Because Batts was not an employee of CSC, the district court found that the right to sue under NRS 50.070 did not apply to a prospective employee, and Nevada does not recognize a tort for wrongful refusal to hire.

Batts appeals, asking this court to read NRS 50.070 as preventing a potential employer from choosing not to hire a prospective employee because that employee previously testified as a witness against a former employer. In the alternative, he asks this court to recognize a public policy tort of wrongful refusal to hire. We decline to do either.

"This court reviews a district court's grant of summary judgment de novo . . . ." *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005). Summary judgment is proper "when the pleadings and other evidence on file demonstrate that no genuine issue as to any material fact [remains] and that the moving party is entitled to a judgment as a matter of law." *Id.* (alteration in original) (internal quotation marks omitted). In the summary judgment context, evidence must be viewed in a light most favorable to the nonmoving party. *Id.*

In addition, "[t]his court's goal in construing statutes is to uphold the intent of the Legislature." *Davidson v. Davidson*, 132 Nev. 709, 713, 382 P.3d 880, 883 (2016). "Where the language of a statute is plain and unambiguous . . . there is no room for construction, and the courts are not permitted to search for its meaning beyond the statute itself." *Charlie Brown Constr. Co. v. City of Boulder City*, 106 Nev. 497, 503, 797 P.2d 946, 949 (1990) (internal quotation marks omitted), *overruled on other grounds*

*by Calloway v. City of Reno*, 116 Nev. 250, 266-67, 993 P.2d 1259, 1269-70 (2000).

If "an employer" deprives an employee "of his or her employment, as a consequence of his or her service as a witness or prospective witness," NRS 50.070(1)(a), (b), the employee may "commence a civil action against his or her employer," NRS 50.070(2). "[E]mployer is defined as "[a] person . . . for whom someone works . . . who pays the worker's salary." *Employer, Black's Law Dictionary* (10th ed. 2014). "[E]mployee" is defined as "[s]omeone who works in the service of another person (the employer) under an express or implied contract of hire." *Employee, Black's Law Dictionary* (10th ed. 2014). Had the Legislature intended to create a cause of action in NRS 50.070 for a prospective employee who is not hired in the same manner as that of an employee, it would have specifically done so. We thus decline to read this remedy into the statute where the Legislature has not provided one. *See Davidson*, 132 Nev. at 302, 382 P.3d at 883; *see also Shoen v. Amerco, Inc.*, 111 Nev. 735, 744, 896 P.2d 469, 475 (1995) (explaining that NRS 50.070 "prohibits employers from terminating an *employee* who is summoned to serve as a witness in any proceeding" (emphasis added)).[1]

In addition, Batts asks this court to recognize a public policy tort of wrongful refusal to hire a prospective employee. "[C]reating new causes of action, and providing new remedies for wrongs is generally a legislative, not a judicial, function." *Badillo v. Am. Brands, Inc.*, 117 Nev.

---

[1]Batts also argues that he was constructively discharged and thus has an independent claim. We disagree. Batts was not employed by CSC, and "[t]ortious discharge requires an employer-employee relationship. *Brown v. Eddie World, Inc.*, 131 Nev. 150, 154, 348 P.3d 1002, 1004 (2015) (internal quotation marks omitted).

34, 42, 16 P.3d 435, 440 (2001). Here, we defer to the Legislature's authority to declare the public policy of this state by creating the wrongful refusal to hire cause of action, if it so chooses, especially since no other state has adopted the tort. *See Chavez v. Sievers*, 118 Nev. 288, 293-94, 43 P.3d 1022, 1025-26 (2002) (stating that "[t]he [L]egislature sets the public policy of this state" and "we are constrained by the [L]egislature's decision to address the issue through legislation"); *see also Cashman Equip. Co v. W. Edna Assocs., Ltd.*, 132 Nev. 689, 698, 380 P.3d 844, 851 (2016) (refusing a party's interpretation of a statute that would have afforded that party the remedy it sought because the remedy went "beyond mere interpretation of a statute," and stating that "[s]uch a remedy would require this court to legislate [and] that authority resides solely with the Legislature"); *Griggs v. Marion Hosp. Corp.*, 366 F. Supp. 2d 696, 697 (S.D. Ill. 2005) (stating that no court had recognized a tort for the wrongful refusal to hire).[2] Since the Legislature has not created a public policy tort for wrongful refusal to hire a prospective employee, we decline to recognize such a tort now.

Accordingly, viewing the record in the light most favorable to Batts, we conclude that no genuine issues of material fact remain, and the district court properly granted summary judgment in favor of CSC. We therefore

---

[2]Batts argues that Presidential Executive Order No. 13495, signed in 2009, provides a public policy basis for Nevada to follow. However, CSC refused to hire Batts in August 2011, and the federal regulation implementing the executive order was not effective until January 2013, after CSC refused to hire Batts. *See* Exec. Order No. 13495, 29 C.F.R § 9.1 (2018); Nondisplacement of Qualified Workers Under Service Contracts; Effective Date, 77 Fed. Reg. 246 (Dec. 21, 2012) (providing effective date of final rule implementing Executive Order 13495). Thus, we do not consider its implication on Nevada's public policy.

ORDER the judgment of the district court AFFIRMED.

_____, J.
Pickering

_____, J.
Gibbons

_____, J.
Hardesty

cc:    Hon. Eric Johnson, District Judge
Jay Young, Settlement Judge
Kemp & Kemp
Fisher & Phillips LLP
Eighth District Court Clerk