(No. 61277.-

JAMES D. GOULD *et al.*, Appellees, v. CAMPBELL'S AMBULANCE SERVICE, INC., Appellant.

*Opinion filed January 23, 1986.*

Shepherd, Sandberg & Phoenix, P.C., of St. Louis (Stephen P. Sanders, of counsel), and Branson, Jones & Stedelin, of Centralia (Michael R. Jones, of counsel), for appellant.

Lakin & Herndon, P.C., of East Alton (Gordon E. Maag, of counsel), for appellees.

JUSTICE GOLDENHERSH delivered the opinion of the court:

Defendant, Campbell's Ambulance Service, Inc., appealed from the judgments of the circuit court of Madison County entered upon jury verdicts in favor of plaintiffs, James D. Gould, Vincent Dellamano and Peter Gillespie. The appellate court affirmed (130 Ill. App. 3d 598), and we allowed defendant's petition for leave to appeal (94 Ill. 2d R. 315(a)). The pleadings are summarized and the facts are adequately set forth in the opinion of the appellate court and will be reviewed here only to the extent necessary to discuss the issues.

The record shows that plaintiffs were employed by defendant as emergency medical technicians in Alton. They were at-will employees, and there was no written contract of employment. Plaintiffs alleged that they were discharged from their employment on March 19, 1980, because they had "expressed concern" to defendant that a co-employee, Donald Dugan, was not certified as required by an Alton city ordinance and that defend-

ant was operating in violation of the ordinance. The ordinance, in pertinent part, provided:

"(C) Every ambulance attendant and driver must be qualified as provided hereafter, except that an ambulance service may provide such ambulance with one unqualified driver or attendant during a period not to exceed ninety (90) days, during which period such unqualified person is actively engaged in acquiring the necessary qualifications provided in subsection 4 below. A qualified ambulance attendant and driver shall:

\* \* \*

4. Be certified as an emergency medical technician by the State of Illinois, or licensed physician, nurse, physician's assistant, or other licensed medical professional person." Alton, Ill., Ordinances, ch. 23, par. 4—23—8(C)(4) (1979).

Alton, with a population in excess of 25,000, is a home rule unit. (Ill. Const. 1970, art. VII, sec. 6.) Municipalities which are not home rule units are empowered to enact similar ordinances by section 11—5—7 of the Illinois Municipal Code (Ill. Rev. Stat. 1979, ch. 24, par. 11—5—7), which, in relevant part, provides:

"The corporate authorities of each municipality may license and regulate and establish standards for the operation of ambulances." Ill. Rev. Stat. 1979, ch. 24, par. 11—5—7.

In affirming the judgments the appellate court held that plaintiffs had alleged and proved a cause of action for retaliatory discharge and that their discharge violated a clearly mandated public policy.

Defendant contends that the evidence fails to prove an actionable retaliatory discharge within the contemplation of our decisions. Citing *Kelsay v. Motorola, Inc.* (1978), 74 Ill. 2d 172, and *Palmateer v. International Harvester Co.* (1981), 85 Ill. 2d 124, it argues that plaintiffs have failed to prove violation of a State public policy. Quoting from *Palmateer*, it argues that "public pol-

icy concerns what is right and just and what affects the citizens of the State collectively. It is to be found in the State's constitution and statutes and, when they are silent, in its judicial decisions." (85 Ill. 2d 124, 130.) It argues that the Alton ordinance affects only the citizens of the city of Alton and is not a statement of policy which "affects the citizens of the state collectively."

It is plaintiffs' position that the laws of a municipality must be enforced, and the discharge of an employee in retaliation for questioning compliance with an ordinance is a violation of public policy.

In *Palmateer v. International Harvester Co.* (1981), 85 Ill. 2d 124, the court said that public policy favored the effective protection of the lives and property of its citizens, and to that end favors volunteering of information concerning criminal conduct to law-enforcement agencies. (85 Ill. 2d 124, 132-33.) In *Wheeler v. Caterpillar Tractor Co.* (1985), 108 Ill. 2d 502, we held that protection of lives and property of citizens from the hazards of radioactive materials constituted a clearly mandated public policy and that a complaint alleging discharge in retaliation for refusing to work with such materials under conditions which violated the relevant Federal regulation stated a cause of action.

At the time of plaintiffs' discharge, there was no statute purporting to set standards for ambulance operation. The Emergency Medical Services Systems Act (Ill. Rev. Stat. 1981, ch. 111½, par. 5501 *et seq.*), effective December 15, 1980, nine months after plaintiffs were discharged, provides that it "is not a limitation on the powers of home rule units." (Ill. Rev. Stat. 1981, ch. 111½, par. 5503.) It further provides that the standards for operation "shall not apply to any ambulance which is or may be owned, operated, licensed or regulated by any unit of local government." (Ill. Rev. Stat. 1981, ch. 111½, par. 5509(a).) We need not and do not consider

58

the extent, if any, to which the statute may presently regulate operation of an ambulance licensed under an ordinance similar to the Alton ordinance, nor do we hold that an ordinance may not under any circumstances declare the mandated public policy required by *Palmateer*. We hold only that the relevant statutory provisions and the ordinance fail to show the existence of a clearly mandated public policy.

For the reasons stated the judgments of the appellate and circuit courts are reversed.

*Judgments reversed.*