RAJ PANDYA, Plaintiff-Appellant, v. DAVID HOERCHLER *et al.*, Defendants-Appellees.

First District (3rd Division)   No. 1—90—3215

Opinion filed December 29, 1993.

Law Offices of Robert Orman, of Chicago (Robert Orman, of counsel), for appellant.

Hinshaw & Culbertson, of Chicago (David H. Levitt, Joshua G. Vincent, and Gary J. Bazydlo, of counsel), for appellees.

JUSTICE CERDA delivered the opinion of the court:

Plaintiff, Raj Pandya, appeals from the entry of summary judgment in favor of defendants, David Hoerchler and Velsicol Chemical Corporation. Plaintiff argues that there was a genuine issue of material fact precluding summary judgment on count I for defamation and that the trial court improperly struck one paragraph of plaintiff's counteraffidavit in opposition to summary judgment. We affirm.

Count I of plaintiff's amended complaint was captioned defamation and alleged the following. Plaintiff was an employee of Velsicol, which was a corporation engaged in the business of manufacturing and distributing agricultural chemicals. On December 3, 1985, defendants prepared a memorandum setting forth a substantial number of false and defamatory allegations concerning plaintiff. The memorandum was not prepared in good faith and was not published in the proper manner to only the proper parties. The memorandum was addressed to plaintiff from his superior Hoerchler and concerned plaintiff's work performance. The memorandum was critical of plaintiff and, among other things, noted "a perception" that plaintiff might have a "substance abuse problem." The complaint further alleged the following: Hoerchler prepared the memorandum with actual malice while he was acting as an agent for Velsicol. Hoerchler had knowledge of the falsity of the allegations in question or had a reckless disregard as to the truth or falsity of these allegations. Hoerchler authored the false and defamatory statements to maximize his chances of obtaining a position with Sandoz, Inc., which was rumored to be contemplating the purchase of Velsicol's agricultural business. The statements denigrated plaintiff, who was his perceived competitor.

On March 21, 1986, plaintiff was terminated. He was not offered a position with Sandoz, while Hoerchler was offered and accepted such a position. Since March 21, 1986, plaintiff sent out 400 letters in a search for new employment but he did not receive any responses. On information and belief, defendants published or caused the publication of the allegations to Sandoz, to those with whom plaintiff has sought employment, and to others. Plaintiff's professional reputation was injured.

Defendants' answer admitted that Hoerchler authored the memorandum.

In plaintiff's supplemental answer to an interrogatory, he gave

the following names as "sources" of the "defamatory communication": Hoerchler, Dennis Splawski, Douglas Schimmel, Barbara Sullivan, and Art Siegel.

Defendants moved for summary judgment and argued the following: Hoerchler did not give a copy of the memorandum to any person other than plaintiff. Velsicol employees Schimmel, Sullivan, and Splawski received copies only from plaintiff. The memorandum was not published by defendants to any third person.

Attached to defendants' motion for summary judgment was plaintiff's deposition. Plaintiff testified to the following relevant facts at his deposition. Hoerchler told plaintiff when he gave the memorandum to plaintiff that a copy was in plaintiff's personnel file. Plaintiff went to see Splawski the next day and showed Splawski the memorandum. Plaintiff next spoke to Schimmel about the memorandum. He also later had a meeting with Schimmel and Sullivan. He did not know who read the memorandum besides Schimmel, Sullivan, Hoerchler, and Splawski. He did not discuss the memorandum with Curry.

The affidavit of Splawski was attached to the motion for summary judgment. He swore that he previously was Hoerchler's supervisor at Velsicol. The first time he ever saw the memorandum was when plaintiff brought it to him. In March 1986, Sandoz purchased a portion of Velsicol. There never was any competition between Hoerchler and plaintiff for any position at Sandoz. Sandoz did not need any former Velsicol employees to perform the international transportation work such as performed by plaintiff. The memorandum was not a factor in Sandoz' decision whether to hire plaintiff.

Also attached was the affidavit of Schimmel. He stated that he was previously the vice-president of personnel at Velsicol. The first time he recalled seeing the memorandum was when plaintiff gave him a copy.

Also attached was the affidavit of Sullivan. She stated that she previously worked in Velsicol's personnel department. She was the person in Velsicol's personnel department who would receive any memoranda to be sent to an individual's personnel file. In the ordinary course of receiving documents in the personnel department for placement in personnel files, she would not read the contents of the memoranda. She would only need to read the name of the persons to whom they pertained for the purpose of filing. The first time she ever saw the memorandum was at a meeting in Schimmel's office with plaintiff and Schimmel. Plaintiff showed her the memorandum at the meeting.

The affidavit of John Curry was also attached. He swore that Vel-

sicol had no position available for plaintiff because, after the sale to Sandoz, only one person was required to do this job. He was the person who made the hiring decisions in the international transportation and customer service area at Velsicol after the sale to Sandoz. In paragraph five, he swore that the decision not to hire plaintiff had nothing to do with the memorandum and that he had never seen the memorandum.

The affidavit of Wayne Myers was attached to plaintiff's surreply in opposition to the motion for summary judgment. He swore that in January or February 1988, plaintiff applied for a position with Hobbit Communications, a company with which Myers was then involved. Myers contacted Velsicol to check plaintiff's references. He spoke to a female employee of the personnel department who stated that plaintiff had a drug problem. Based upon the representation that plaintiff had a drug problem, plaintiff was not considered for the position at Hobbit.

Plaintiff's affidavit was also attached, and he swore to the following. The memorandum's statement that he had a substance abuse problem was false. Paragraph eight of his affidavit stated:

> "I have read paragraph 5 of the affidavit of John Curry attached to defendants' summary judgment motion as Exhibit E. That paragraph is false in its entirety. John Curry personally told me that he had seen the December 3, 1985, memorandum in question and that it was considered with respect to my termination from Velsicol."

Defendants moved to strike the affidavits of plaintiff and Myers, and they argued that paragraph eight of plaintiff's affidavit concerning Curry's statement to plaintiff should be stricken because, among other things, a party cannot create an issue of fact by contradicting his own prior admissions or testimony and plaintiff failed to list Curry in his answers to interrogatories as an individual to whom the contents of the memorandum were revealed.

Defendants' motion to strike was granted as to paragraph eight of plaintiff's affidavit in support of plaintiff's surreply. Defendant's motion for summary judgment was granted, and judgment was entered in favor of plaintiffs.

■ As defendants argue, plaintiff swore at his deposition that he never discussed the memorandum with Curry and he did not list Curry in his answer to interrogatories asking for the names of sources of knowledge about the alleged occurrence. The statement in the affidavit that Curry told plaintiff that he had seen the allegedly defamatory memorandum conflicted with plaintiff's judicial admissions; therefore, the affidavit was properly stricken. (See *Van's Material Co.*

*v. Department of Revenue* (1989), 131 Ill. 2d 196, 211-12, 545 N.E.2d 695 (a discovery deposition may be used as an admission by a party, and a judicial admission is a deliberate, clear, unequivocal statement of a party about a concrete fact within that party's peculiar knowledge).) Once a party makes a judicial admission adverse to his claim, that party cannot contradict the admission by adopting inconsistent evidence. *Finley v. Mercer County* (1988), 172 Ill. App. 3d 30, 526 N.E.2d 635; *Lindenmier v. City of Rockford* (1987), 156 Ill. App. 3d 76, 508 N.E.2d 1201.

Plaintiff next argues that there was a genuine issue of material fact as to whether the memorandum was published to Myers because the memorandum was placed in the personnel file, the memorandum was the only reference to an alleged drug problem in the personnel file, and Myers was told that plaintiff had a drug problem. Plaintiff also argues that the memorandum was published to several Velsicol employees.

■ To prove defamation, plaintiff must show that defendant made a false statement concerning him, that there was an unprivileged publication to a third party with fault by defendant, and that the publication damaged plaintiff. (*Krasinski v. United Parcel Service, Inc.* (1988), 124 Ill. 2d 483, 490, 530 N.E.2d 310.) Publication is an essential element of a cause of action for defamation (*Ginsburg v. Black* (7th Cir. 1956), 237 F.2d 790, *cert. denied* (1957), 353 U.S. 911, 1 L. Ed. 2d 655, 77 S. Ct. 669). To prove publication, it must be shown that the defamatory statements were communicated to some person other than plaintiff. *Beauvoir v. Rush-Presbyterian-St. Luke's Medical Center* (1985), 137 Ill. App. 3d 294, 300-01, 484 N.E.2d 841.

Where the pleadings, depositions, affidavits and other evidence before the court in a motion for summary judgment show that at trial a verdict would have to be directed, entry of summary judgment is proper. *Kimbrough v. Jewel Cos.* (1981), 92 Ill. App. 3d 813, 816-17, 416 N.E.2d 328.

■ The record establishes no publication by defendants of the memorandum. Plaintiff's statement that Curry had seen the memorandum was properly stricken and therefore could not be used as a basis to establish publication. The alleged statement by the personnel employee that plaintiff had a drug problem did not establish publication of the *memorandum.* The complaint alleged the improper publication of only the written memorandum and not improper publication of slanderous statements. There was no competent evidence that anyone, other than those whom plaintiff contacted, saw the memorandum. Without defendants' publication of the memorandum, there was no genuine issue of material fact, and summary judgment was properly granted as to the defamation count.

674

The judgment of the trial court is affirmed.

Affirmed.

TULLY, P.J., and GREIMAN, J., concur.