**James R. SULLIVAN, Plaintiff,**

v.

**James P. CONWAY, Individually and as Agent for the International Brotherhood of Electrical Workers, Defendants.**

No. 93 C 4947.

United States District Court,
N.D. Illinois,
Eastern Division.

March 20, 1997.

James Bryan Sullivan, Downers Grove, IL, for plaintiff.

James R. Sullivan, Oak Brook, IL, pro se.

Solomon I. Hirsh, Chicago, IL, Robert D. Kurnick, Sherman, Dunn, Cohen, Leifer & Yellig, Washington, DC, for James P. Conway.

### MEMORANDUM OPINION AND ORDER

HOLDERMAN, District Judge.

Defendants, James Conway and the International Brotherhood of Electrical Workers (IBEW), have moved for summary judgment against plaintiff, James Sullivan. Plaintiff's third amended complaint has nine counts: counts I and II for slander, counts III and IV for libel, count V for emotional distress, count VI for punitive damages, count VII for

intentional interference with employment relationship, count VIII for retaliatory discharge in violation of public policy, and count IX for false light. Upon evaluation of the appropriate materials and for the reasons stated herein, defendants' motion for summary judgment is granted.

## DISCUSSION

Plaintiff worked as a lawyer and business manager of a local IBEW union until April 1990, when defendants fired him. Counts I and II allege that Conway slandered plaintiff by publicly stating, "Jim Sullivan is a very poor lawyer." Counts III and IV allege that defendants wrote several letters and postcards that slandered plaintiff by revealing that defendants had terminated plaintiff's relationship with the IBEW. Count V alleges intentional infliction of emotional distress from the defendants' acts of slander and libel, and count VI requests punitive damages from the defendants' acts of slander of libel. Count VII alleges that defendants interfered with plaintiff's employment relationship with the local IBEW union and that defendants terminated him without notice, hearing, or just cause in violation of the IBEW constitution. Count VIII alleges that defendants violated public policy by retaliating against plaintiff for representing the local union's officers in their efforts to discover fraud by other local officers. Count IX alleges that defendants' oral and written statements placed plaintiff in a false light.

I. *Defendants have Refuted that Conway's Alleged Statement was Ever Said, and the Statement would have been Constitutionally Protected Opinion in any Event*

Summary judgment is appropriate only if there remains no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Testerman v. EDS Technical Products Corp.*, 98 F.3d 297, 301 (7th Cir.1996). The non-moving party is entitled to the benefit of all reasonable inferences. *Id.*

First, defendants rely on Edmund Pierce's deposition testimony to assert that Conway never said, "Jim Sullivan is a very poor lawyer." While plaintiff's response relies on Edmund Pierce's affidavit as evidence that Conway made the statement, at his deposition Pierce stated unequivocally that Conway's only comment about plaintiff was "I've heard that Jim Sullivan is not a very good lawyer." For purposes of a summary judgment motion, the court disregards an affidavit when it conflicts with the deposition. *Russell v. Acme–Evans Co.*, 51 F.3d 64, 67–68 (7th Cir.1995). Thus, because plaintiff has not set forth specific facts showing that there is a genuine issue as to whether Conway made the alleged statement, defendants are entitled to summary judgment on counts I and II.

In addition, the court concludes that the statement "Jim Sullivan is a very poor lawyer" is constitutionally protected opinion that cannot form the basis of a defamation claim [1]. A statement is constitutionally protected if it cannot be reasonably interpreted as stating actual facts. *Bryson v. News America Publications, Inc.*, 174 Ill.2d 77, 220 Ill.Dec. 195, 208, 672 N.E.2d 1207, 1220 (1996). A statement contains actual facts if it could be proven true or false. *Id.; Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 20, 110 S.Ct. 2695, 2706, 111 L.Ed.2d 1

---

1. Defendants made this argument under the general heading of "The Statement ... Was Not Defamatory *Per Se*." Def. Memo in Supt. of Sum Jud. at 2. While the Illinois Supreme Court recently reiterated that whether a statement is defamatory *per se* or is constitutionally protected opinion should be analyzed on a separate basis (see *Bryson*, 220 Ill.Dec. at 207, 672 N.E.2d at 1219), the Seventh Circuit—like defendants—has also analyzed whether a statement of opinion precluded a finding of defamation *per se* under Illinois law. See *Pope v. Chronicle Publishing Co.*, 95 F.3d 607, 614–15 (7th Cir.1996). Defendants cited *Milkovich* to argue that "a statement that does state, or is not reasonably interpretable as stating, provably false facts, cannot form the basis of a defamation suit," and they also claimed that "whether a lawyer is 'good' or 'not good' is a matter of opinion that is necessarily a subjective judgement." Def. Memo in Supt. of Sum Jud. at 4–5. Because defendants made the above statements, and because plaintiff did attempt to differentiate *Milkovich* in his response memo, the court concludes that plaintiff was sufficiently appraised of defendants' opinion argument to properly respond to the motion. See *Pope*, 95 F.3d at 614–15.

(1990). The statement "Jim Sullivan is a very poor lawyer" is incapable of being proven true or false as the statement is inherently subjective. See *Patlovich v. Rudd*, 949 F.Supp. 585, 593 (N.D.Ill.1996) (private conversation was actionable because statements could be proved right or wrong); *Quinn v. Jewel Food Stores, Inc.*, 276 Ill.App.3d 861, 213 Ill.Dec. 204, 210, 658 N.E.2d 1225, 1231 (1st Dist.1995) (private evaluation that plaintiff was a "con artist" was constitutionally protected opinion as statement did not imply facts and was not capable of proof or disproof). Accordingly, the statement is protected opinion, and defendant is entitled to summary judgment on counts I and II.

Plaintiff cites *Barakat v. Matz*, 271 Ill. App.3d 662, 208 Ill.Dec. 111, 648 N.E.2d 1033 (1st Dist.1995), to argue that defendants' statement was fact and not opinion. The *Barakat* defendant was a doctor who said that he had previously treated the plaintiff's patients and found nothing wrong with them. *Id.* at 1042. When this defendant went on to say that he felt plaintiff was not "any good as a doctor," *Barakat* held that the statement implied an underlying factual basis that could be verified by the plaintiff's patients that defendant had examined. *Id.* Unlike *Barakat*, Conway did not set out any verifiable factual basis as the foundation for his opinion, and thus this case more closely resembles *Quinn* where the statement "con artist" was held to be protected opinion when no additional facts were alleged. See *Quinn*, 213 Ill.Dec. at 210, 658 N.E.2d at 1231.

II. *Plaintiff has not Alleged any Statements that could Support his Claims of Libel*

■ In counts III and IV, plaintiff alleges defamation *per se* in that defendants libeled his job abilities in 6 different documents: complaint exhibits A, B, D, E, F, and G. For a statement to be defamatory *per se*, the words must be so obviously and naturally harmful that the plaintiff need not plead and prove special damages. *Swick v. Liautaud*, 169 Ill.2d 504, 215 Ill.Dec. 98, 105, 662 N.E.2d 1238, 1245 (1996). Even when a statement could impute the lack of professional ability, if the statement can be reason-ably interpreted innocently or as referring to someone other than plaintiff, the statement is not actionable *per se*. *Pope*, 95 F.3d at 613. Whether a statement can be interpreted innocently is a question of law for the court to decide. *Id.* In addition, substantial truth is a complete defense to any defamation action under Illinois law. *Id.*

■ As to exhibits A, E, F, and G, these documents do not specifically refer to plaintiff, and plaintiff does not show how any third parties would have reasonably understood any statements to have referred specifically to plaintiff. See *Aroonsakul v. Shannon*, 279 Ill.App.3d 345, 216 Ill.Dec. 166, 170, 664 N.E.2d 1094, 1098 (2nd Dist.1996) (no way to connect statements standing alone to plaintiff). Because exhibits A, E, F, and G did not make any false statements concerning plaintiff, defendants are entitled to summary judgment on the allegations concerning those documents. See *Pandya v. Hoerchler*, 256 Ill.App.3d 669, 195 Ill.Dec. 576, 579, 628 N.E.2d 1040, 1043 (1st Dist.1993).

■ In addition, even if the court did conclude that people would believe that exhibit F referred to plaintiff, plaintiff could not sustain his claim. Exhibit F requests union members to try and reach settlements themselves without the cost or added complications of attorney involvement. Under *Pope*, this statement was substantially true because it did not make plaintiff significantly worse off than a completely truthful statement would have. See *Pope*, 95 F.3d at 613. Exhibit F was not so obviously harmful to plaintiff that he could successfully maintain an action for defamation *per se*.

■ Exhibits B and D state only that plaintiff was terminated from his position as business representative for the local IBEW union. Both Illinois courts and this court have repeatedly held that publicizing an employee's termination does not falsely impute anything and is not by itself defamatory. See *Davis v. Crane, Inc.*, 261 Ill.App.3d 419, 199 Ill.Dec. 133, 142, 633 N.E.2d 929, 938 (1st Dist.1994); *Zechman v. Merrill Lynch, Pierce, Fenner & Smith*, 742 F.Supp. 1359, 1371-72 (N.D.Ill.1990); *Dubrovin v. Marshall Field's & Co. Employee's Credit Union*,

180 Ill.App.3d 992, 129 Ill.Dec. 750, 753, 536 N.E.2d 800, 803 (1st Dist.1989). Because the undisputed facts show that there are no defamatory statements that would entitle plaintiff to relief, summary judgment is granted on counts III and IV. In addition, because defendants are entitled to judgment on counts I, II, III, and IV, summary judgment is granted on count VI for punitive damages based on plaintiff's claims for slander and libel.

### III. The Allegations do not Support a Claim for Intentional Infliction of Emotional Distress

■ Count V alleges intentional infliction of emotional distress based on exhibits A, B, D, E, F, and G. To establish intentional infliction of emotional distress under Illinois law, a party must allege facts which establish that the defendants' conduct was extreme and outrageous. *Doe v. Calumet City,* 161 Ill.2d 374, 204 Ill.Dec. 274, 282, 641 N.E.2d 498, 506 (1994). Conduct is of an extreme and outrageous nature when recitation of the facts to average members of the community would arouse resentment against the actors and lead them to exclaim, "Outrageous!" *Id.* at 283, 641 N.E.2d at 507. Such conduct must be differentiated from the insults, indignities, annoyances, and petty oppressions that are part of the costs of complex society from which the law provides no protection. *Id.*

Plaintiff alleges that defendants publicly announced plaintiff's termination and also urged union members to avoid the unnecessary use of attorneys that had occurred in the past. The court finds that an average member of the community would approve of defendants' conduct, and certainly none of defendants' acts would lead any person to exclaim, "Outrageous!" See *Millers Mutual Insurance Assoc. of Illinois v. House,* 286 Ill.App.3d 378, 221 Ill.Dec. 613, 675 N.E.2d 1037 (5th Dist.1997) (conduct must be so extreme as to go beyond all possible bounds of decency). When viewed most favorably to the plaintiff, the publicity surrounding plaintiff's termination was, at worst, an indignity which could never rise to the level necessary to meet the requirements in Illinois for the

tort of intentional infliction of emotional distress. Thus, defendants are entitled to summary judgment on count V.

### IV. Count VII is Preempted by Federal Law and also Fails Because no Third Party was Involved in Plaintiff's Termination

■ Count VII alleges that defendants intentionally interfered with plaintiff's employment with IBEW Local Union # 134 by firing him in violation of the IBEW constitution. The complaint cites several provisions of the IBEW Constitution that govern the relationship between IBEW and the local unions, including IBEW's power to remove a local union representative and the administrative process that IBEW must follow to make charges against a local representative.

■ Because count VII requires interpretation of the agreement between IBEW and its local union, this state law claim is preempted by federal law. Section 301(a) of the Labor Management Relations Act (29 U.S.C. § 185) preempts entirely any state cause of action to enforce an agreement within the scope of § 301. *Franchise Tax Board v. Construction Laborers Vacation Trust,* 463 U.S. 1, 23, 103 S.Ct. 2841, 2853–54, 77 L.Ed.2d 420 (1983). A suit for violation of a contract between labor organizations comes within § 301 even if the suit is brought by an individual. *Wooddell v. International Brotherhood of Electrical Workers,* 502 U.S. 93, 98, 112 S.Ct. 494, 498, 116 L.Ed.2d 419 (1991). Thus, suits for the violation of a union's constitution—a controversy between the local and national labor organizations—are covered under § 301. *Wooddell,* 502 U.S. at 100, 112 S.Ct. at 499. Although plaintiff contends that his allegations only deal with his individual employment contract, count VII quotes four sections of the IBEW constitution to allege that defendants acted in violation of the constitution. Because this court would need to interpret the IBEW constitution to adjudicate plaintiff's substantive rights, § 301 preempts count VII and the court grants defendants summary judgment.

■ In addition, count VII fails because an employer's decision to discharge an employee cannot be characterized as tortious

interference with employment under Illinois law. *George A. Fuller Co. v. Chicago College of Osteopathic Medicine*, 719 F.2d 1326, 1334 (7th Cir.1983). As count VII specifically alleges that defendants fired plaintiff, plaintiff's attempt to call defendants "third parties" to his employment contract must fail.

## V. *A Retaliatory Discharge claim is not Allowed for Legal Services or for Merely Advising Whistle–Blowers*

■ Count VIII alleges that defendants discharged plaintiff in violation of public policy. According to count VII, plaintiff was hired "for the purpose of having a licensed Illinois Attorney to review and prepare all new collective bargaining agreements ... and to legally advise the union collective bargaining committees...." Count VII at par. 3. Under Illinois law, an attorney cannot pursue a retaliatory discharge claim against a former client because of the undesirable effect on the attorney-client relationship and because of the ethical demands already in place under the Rules of Professional Conduct. *Balla v. Gambro, Inc.*, 145 Ill.2d 492, 164 Ill.Dec. 892, 897, 584 N.E.2d 104, 109 (1991). Accordingly, summary judgment is granted to defendants on count VII.

■ Moreover, even if plaintiff had not been providing legal services, his retaliatory discharge claim would fail. Plaintiff alleges that he was discharged because he advised and assisted members at an internal IBEW meeting when these members pursued corruption charges against other union members. To establish a claim of retaliatory discharge, plaintiff must show that the discharge violates a clear mandate of public policy. *Long v. Commercial Carriers, Inc.*, 57 F.3d 592, 594 (7th Cir.1995). Such a matter must strike at the heart of a citizen's social rights, duties, and responsibilities. *Id.* at 595. *Long* lists several examples where retaliatory discharge claims have not been allowed in cases where the public stake was much more significant than the instant case. See *Fellhauer v. City of Geneva*, 142 Ill.2d 495, 154 Ill.Dec. 649, 568 N.E.2d 870 (1991) (employee voiced concern that fellow employee was not certified as per city ordinance);

*Gould v. Campbell's Ambulance Service*, 111 Ill.2d 54, 94 Ill.Dec. 746, 488 N.E.2d 993 (1986) (employee refused to lie to investigator and an attorney during internal city investigation). While plaintiff's efforts may have comforted the whistle-blowers, his allegations are insufficient to show that he was a necessary and vital part of supporting a clearly mandated public policy. See *Long*, 57 F.3d at 596 (no retaliation claim when plaintiff was not asked to perform an illegal act or cover up a crime).

## VI. *Plaintiff cannot Establish a Claim for False Light*

■ Count IX alleges that defendants placed him in a false light through the statement "Jim Sullivan is a very poor lawyer," through the documents outlined in counts III and IV, and through an additional document—exhibit M—that described the reasons IBEW put the local union under trusteeship but did not specifically refer to plaintiff. There are three elements to a false light claim under Illinois law: defendants must place plaintiff in a false light before the public; the false light must be highly offensive to a reasonable person; and the defendants must have acted with actual malice—knowledge of falsehood or reckless disregard for the truth. *Pope*, 95 F.3d at 616.

As to Conway's statement, plaintiff has not shown that there is a genuine issue as to whether Conway made the alleged statement. Pierce's deposition unequivocally contradicts his affidavit that Conway ever made the statement, and plaintiff has no evidence other than Pierce's affidavit that the statement was ever made. For purposes of a summary judgment motion, the court disregards an affidavit when it conflicts with the deposition. *Russell*, 51 F.3d at 67–68. Thus, plaintiff cannot rely on the statement for his false-light claim.

■ Plaintiff next relies on exhibits A, E, F, G, and M, but these documents do not specifically refer to plaintiff. The publicity forming the basis for a false-light claim must be reasonably capable of being understood as singling out, or pointing to, the plaintiff. *Aroonsakul*, 216 Ill.Dec. at 170, 664 N.E.2d at 1098. When there is no way to connect a

statement standing alone to a plaintiff, the false-light claim must fail. *Id.* at 171, 664 N.E.2d at 1099 (false-light claim dismissed where statement had no unique details that referred to plaintiff). Because exhibits A, E, F, G, and M did not make any statements with unique details that referred specifically to plaintiff, defendants are entitled to summary judgment on the allegations concerning those documents [2].

■ Lastly, plaintiff relies on exhibits B and D, both of which state that plaintiff was terminated from his position. Exhibit B was plaintiff's personal notice of termination, and the notice was sent to the local union office so that it could draft plaintiff's final check. Because the notice did not contain any reasons for defendants' actions, there were no false statements in the notice that could have placed plaintiff in a false light nor anything highly offensive about the notice. See *Pope*, 95 F.3d at 616.

■ Exhibit D was a postcard sent to 18,000 local union members, and the postcard conveyed that plaintiff and three other local officers had been terminated from their positions with the local IBEW union. Plaintiff, relying on *Zechman*, argues that his dismissal was tainted by innuendo because the other three dismissed members were all targets of a federal grand jury. See *Zechman*, 742 F.Supp. at 1373–74 (innuendo of acts implied that defendant's discharge was less than honorable). Plaintiff, though, has not alleged or provided evidence that any recipients of the postcards knew that these other members were being investigated, and thus they had no reason to impute plaintiff with similar bad conduct. Moreover, even if the recipients had such knowledge, plaintiff's false-light claim would be insufficient. If union members believed fraud was occurring on a large scale, they would understand the dismissal of local counsel could be necessary regardless of his personal participation in any fraud. But more importantly, the postcard's statement about plaintiff was completely true. In *Pope*, where the defendant published an article that was substantially true, the court held that plaintiff could not meet the requirements

that he was placed in a false light or that defendant knowingly or recklessly disregarded the truth. *Pope*, 95 F.3d at 616. For the completely true statement at issue here, this court reaches the same result and finds that defendants are entitled to judgment on plaintiff's false-light claim.

## CONCLUSION

For the above stated reasons, the defendants' motion for summary judgment is GRANTED. This case is dismissed in its entirety.

---

2. The court also finds that plaintiff's claim would fail on these exhibits because none of them contained statements that would be highly offensive to a reasonable person.